UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,          22-CR-600 (LAP)

-against-

LAMAR WILLIAMS,              ORDER

                Defendant.

LORETTA A. PRESKA, Senior United States District Judge:

The Government seeks to admit portions of a 911 call made on August 11, 2013 immediately following the Barton shooting. Specifically, the Government seeks to admit statements by "Witness-1," who observed the shooting from a car. (Gov. Mot. Ex. 6A.) However, the Government seeks to preclude other statements made by "Boyfriend-1," who, in the Government's view, merely summarized what others in the car told him. (Gov. Mot. 45-50; Gov. Mot. Ex. 6B). In the Government's view, "those first-hand descriptions [in Exhibit 6A] from Witness-1 and Witness-2 would be admissible hearsay, but Boyfriend-1's unreliable secondhand restatements and summaries of those descriptions [in Exhibit 6B] are not." (Gov. Mot. 50.)

Defendant seeks to introduce Boyfriend-1's statements under applicable hearsay exceptions and the rule of completeness. Specifically, Defendant seeks to introduce Boyfriend-1's statement

that "[the shooter] was wearing a navy blue polo shirt, that was the person that was shooting." (Def. Opp. at 8.)

The Court has listened to both recordings of the 911 call. It is not clear to the Court whether Boyfriend-1 is relating a firsthand impression or relaying that of a passenger. However, the Court will permit Defendant to introduce Boyfriend-1's call in its entirety, regardless of whether Boyfriend-1 was describing his own firsthand impression or relaying the accounts of others.

Even if Boyfriend-1 was merely recounting the statements of others, the Court finds that the second layer of hearsay from Boyfriend-1 would still be admissible. The Government agrees that the first layer of hearsay (at least from Witness-1) would be admissible as a present-sense impression under Rule 803(1) and excited utterance under Rule 803(2). (Gov. Mot. 49.) And while the Government argues that the excited utterance exception should not extend to Boyfriend-1, the Court disagrees. Boyfriend-1 was in the same car as the percipient witness on which the Government relies, and it is a fair inference that Boyfriend-1 would have been equally startled by the same shock of the shooting that afflicted Witness-1. Certainly, Boyfriend-1's tone suggests he was under the same stress as Witness-1, and his statement that the car "pressed the gas" immediately after the shooting suggests that the event was startling enough to prompt the car to flee the scene.

2

Naturally, the Government is free to introduce evidence indicating that Boyfriend-1 was mistaken in his account or otherwise non-credible.  See Fed. R. Evid. 806.  At this juncture, however, the Court will not preclude Defendant from introducing the applicable statements from Boyfriend-1.

## CONCLUSION

For the foregoing reasons, the Government's motion to preclude Boyfriend-1's statements (Dkt. 48) to the 911 dispatcher is DENIED.

**SO ORDERED.**

Dated:    New York, New York
          January 28, 2026

_____
LORETTA A. PRESKA
United States District Judge

3