UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 22-CR-600 (LAP) |
| -against- | |
| LAMAR WILLIAMS, | ORDER |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Lamar Williams' amended motion to suppress DNA evidence derived from a water bottle. (See Dkt. 49 at 25; Dkt. 62 at 1.) For the following reasons, Defendant's suppression motion is DENIED.

## **BACKGROUND**

On April 3, 2014, Defendant was shot and taken to a hospital. (Dkt. 49 at 21.) The following day, on April 4, 2014, Defendant was stopped by law enforcement and placed under arrest on two open bench warrants. (Dkt. 50 at 5; Dkt. 50-1 at USAO_044541-42.) Before transferring him to Riker's Island, police transported Defendant to an NYPD precinct to interview him about the shooting. (Dkt. 50 at 5; Dkt. 50-1 at USAO_044572.)

During Defendant's interview, the NYPD offered Defendant a bottle of water. Defendant accepted and drank from the bottle. (Affidavit of Lamar Williams ("Def. Aff."), Dkt. 62-1 ¶ 2.) Defendant was then transported to another room. (Id.) Defendant asserts he was "not permitted to take the water bottle with [him]," (id.), although Defendant does not state whether he requested to take the bottle or otherwise retrieve it.

After Defendant left, the NYPD tested the water bottle for DNA as a "suspect abandonment sample." (Dkt. 50-1 at USAO_044572, USAO_044783.)  Subsequent analysis found that Defendant's DNA matched the DNA found on a .380 caliber firearm recovered from a trash compactor.  (Dkt. 50 at 5.)  The Government now seeks to introduce this DNA evidence at trial to establish that the recovered firearm belonged to Defendant.  (Dkt. 50 at 5-6.)

## LEGAL STANDARD

"A defendant challenging a search bears the burden of establishing that he had a legally cognizable privacy interest in the searched [property] at the time of the search." United States v. Gomez, 199 F. Supp. 3d 728, 738 (S.D.N.Y. 2016).  To establish a legally cognizable privacy interest, a defendant must show "that he had conducted himself and dealt with the property in a way that indicated a subjective expectation of privacy."  Id. (quoting United States v. Perea, 986 F.2d 633, 639 (2d Cir. 1993)).  In addition to a subjective expectation, a defendant must also show that he had an objective expectation of privacy—i.e., that "society [is] willing to recognize [his] expectation as reasonable." United States v. McKenzie, 13 F.4th 223, 232 (2d Cir. 2021).

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question."  In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 157, 165 (2d Cir. 2008).  However, "if facts urged in support of a hearing would not entitle the moving party to relief as a matter of law, no evidentiary hearing is required."  Gentile v. Cty. of Suffolk, 926 F.2d 142, 148 (2d Cir. 1991).

## DISCUSSION

The Court finds that, even assuming the truth of Defendant's affidavit, Defendant demonstrates neither a subjective nor objective expectation of privacy in the water bottle.

First, even as alleged by Defendant, Defendant did not "dea[l] with the [water bottle] in a way that indicated a subjective expectation of privacy." Perea, 986 F.2d at 639.  All that Defendant alleges is that he could not take the water bottle with him when he left the interrogation room.  (Def. Aff. ¶¶ 2, 3.) But Defendant does not allege that he asked to retrieve the water bottle from the room or otherwise expressed a desire to keep the water bottle private.  Other courts have upheld DNA collection from arrestees in similar circumstances.  See United States v. Hicks, 2020 WL 7704556, at *3 (W.D. Tenn. May 27, 2020) (no Fourth Amendment violation where defendant "made no attempt to preserve the cigarette [from which DNA was collected] as private"); Commonwealth v. Bly, 862 N.E.2d 341, 356-57 (Mass. 2007) (no violation where defendant "did not attempt to take . . . [the items] with him when he left the interview room to travel within the building, and he did not request to go back and collect them after using the telephone, even when prompted.").  Accordingly, the Court finds that Defendant does not allege a subjective expectation of privacy to begin with, regardless of whether he later abandoned the water bottle.

In any event, even if Defendant could show that he had a subjective expectation of privacy in the water bottle, he nonetheless fails to show that expectation was reasonable given the circumstances of his detention.  "[T]he expectations of privacy of an individual taken into police custody necessarily are of a diminished scope." Maryland v. King, 569 U.S. 435, 462 (2013) (cleaned up).  To be sure, if "privacy-related concerns are weighty

3

enough, a search may require a warrant, notwithstanding the diminished expectations of privacy of the arrestee." Riley v. California, 573 U.S. 373, 392 (2014). But there is no reason to believe that collection of DNA from an arrestee's water bottle would present such "weighty" concerns as to require a warrant while in custody. See, e.g. Parisi v. Artus, No. 08-CV-1785 ENV, 2010 WL 4961746, at *6 (E.D.N.Y. Dec. 1, 2010) ("Parisi had no reasonable expectation of privacy in the holding room, any item left in the garbage there, or in the DNA that was collected from the blanket.") Indeed, the Supreme Court has expressly upheld state statutes permitting warrantless DNA cheek swabs of arrestees. King, 569 U.S. at 465-66; Jones v. Meehan, No. 14 CIV. 6402 (KPF), 2018 WL 459662, at *10 n.12 (S.D.N.Y. Jan. 16, 2018) (noting that, while King addressed statutorily authorized collection, "the language of King suggests that this practice, as applied to the particular facts of this case, would not violate the Fourth Amendment" even in the absence of an authorizing state statute). Accordingly, the Court concludes that Defendant had no objective expectation of privacy with respect to the water bottle.[1]

---

[1] Because the Court finds Defendant had no expectation of privacy in the water bottle to begin with, the Court need not reach the issue of whether Defendant voluntarily abandoned the water bottle. The Court notes, however, that Defendant does not claim that he requested to take the bottle with him, sought to recover it after his release from detention, or otherwise indicated that he wished to retain the bottle. Instead, Defendant simply offers conclusory allegations that he "did not abandon the bottle voluntarily" and "had no choice to take the bottle with me." (Def. Aff. ¶ 3.) These cursory allegations fall short of the "sufficiently definite, specific, detailed, and nonconjectural" assertions that are required to establish a contested issue of fact. See In re Terrorist Bombings, 552 F.3d at 165.

4

## **CONCLUSION**

For the foregoing reasons, Defendant's suppression motion is DENIED.  The Clerk of the Court shall close Dkt. 65.

**SO ORDERED.**

Dated:    New York, New York
          February 1, 2026

_____
LORETTA A. PRESKA
United States District Judge

5