UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,            22-CR-600 (LAP)

-against-

LAMAR WILLIAMS,                   ORDER

                   Defendant.

LORETTA A. PRESKA, Senior United States District Judge:

Defendant Lamar Williams has filed a letter motion to modify the Court's Proposed Jury Charge.  (Dkt. 68.)  Specifically, Defendant objects to the Court's proposed instruction regarding investigative techniques, which currently reads as follows:

> You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means.  While you are to consider carefully the evidence presented by the Government, you need not speculate as to why it used the techniques it did, or why it did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the Defendant has been proven beyond a reasonable doubt.

(Proposed Charge at 58.)  Defendant requests that the charge be modified to include the following language:

> During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the

> defendant is guilty.  However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

(Dkt. 68 at 2.)  Defendant's motion is DENIED.  The current charge appropriately instructs the jury that it must consider all evidence or lack of evidence in determining whether the Government has proved Defendant's guilt beyond a reasonable doubt.  Moreover, the charge mirrors those issued by other courts in this District that have been upheld by the Court of Appeals.  See, e.g. United States v. Knox, 14-CR-725 (AJN), Dkt. 70 at 58-59 (S.D.N.Y. July 9, 2015)[1] aff'd 687 F. App'x 51, 55 (2d Cir. 2017) ("Far from plain error, such instructions were appropriate."); United States v. Barcelo, 2014 WL 4058066, at *13 (S.D.N.Y. Aug. 15, 2014) (Sullivan, J.), aff'd, 628 F. App'x 36 (2d Cir. 2015); United States v. Preldakaj, 456 F. App'x 56, 60 (2d Cir. 2012).

---

[1] In Knox, for example, Judge Nathan instructed the jury as follows:
> You've heard reference in the arguments from defense counsel in this case to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the government prove its case through any particular means. While you are to consider carefully the evidence presented by the government, you need not speculate as to why the government used the techniques it did or why it did not use other techniques. The government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, based on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

14-CR-725, Dkt. 70 at 58-59.

## CONCLUSION

For the foregoing reasons, Defendant's motion to modify the jury instructions as requested is DENIED.  The Clerk of the Court shall close Dkt. 68.

**SO ORDERED.**

Dated:    New York, New York
          February 10, 2026

_____
LORETTA A. PRESKA
United States District Judge